UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| L.C. WALLS, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | )   No. 4:24-CV-1517 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on movant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [ECF No. 5]. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

**Background**

Movant is currently incarcerated in federal custody after being sentenced by this Court on October 1, 2020, to 84 months for one charge of being a felon in possession of a firearm. U.S.C. §§ 922(g)(1); *see United States v. Walls*, No. 4:19-CR-726 HEA (E.D. Mo.). Movant did not appeal his conviction and sentence.

Movant initiated this action by filing his pro se motion to vacate on November 7, 2024. [ECF No. 1]. He certified on his motion that he placed it in the prison mailing system on October 31, 2024. *Id.* On March 7, 2025, the Court ordered movant to file an amended motion to vacate on a Court-form. Movant filed his amended motion on April 15, 2025. [ECF No. 5].

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

>> (1) the date on which the judgment of conviction becomes final;

>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Rule 3(d) of the Rules Governing § 2255 Proceedings for the United States District Courts sets out the prison 'mailbox rule:'

A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. … Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

### Discussion

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment entered on, became final fourteen days later on October 15, 2020. Fed. R. App. P. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on October 15, 2021. Movant's motion to vacate, filed on October 31, 2024, was filed approximately three years late. Movant will be required to show cause why this action should not be dismissed as untimely.[1]

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than **twenty-one (21) days** from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 16th day of April, 2025.

                                                                   _____
                                                                   HENRY EDWARD AUTREY
                                                                   UNITED STATES DISTRICT JUDGE

---

[1] To the extent movant is attempting to argue pursuant to 28 U.S.C. § 2255(f)(2) or (f)(3) that new caselaw has recently made arguments available to him to overcome the time-bar, he must provide citations to those cases, and not just case names, so that the Court can identify the cases movant is citing to in support of his contentions.