UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| L.C. WALLS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:24-CV-1517 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

On November 7, 2024, L.C. Walls filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. [ECF No. 1]. On March 7, 2025, the Court issued an Order directing Walls to amend his motion to vacate on a Court-provided form. [ECF No. 3]. Walls filed an amended motion to vacate on April 15, 2025. [ECF No. 5]. On April 16, 2025, the Court Ordered Walls to show cause as to why the motion to vacate should not be dismissed as time-barred. [ECF No. 6]. The Court has reviewed Walls' response to the Order to Show Cause, *see* ECF No. 7, and finds it unpersuasive. The amended motion to vacate brought pursuant to 28 U.S.C. § 2255 will be denied and dismissed as time-barred.

**Background**

Movant is currently incarcerated in federal custody after being sentenced by this Court on October 1, 2020, to 84 months for one charge of being a felon in possession of a firearm. U.S.C. §§ 922(g)(1); *see United States v. Walls*, No. 4:19-CR-726 HEA (E.D. Mo.). Movant did not appeal his conviction and sentence.

Movant initiated this action by filing his pro se motion to vacate on November 7, 2024. [ECF No. 1]. He certified on his motion that he placed it in the prison mailing system on October

31, 2024.[1] *Id.* On March 7, 2025, the Court ordered movant to file an amended motion to vacate on a Court-form. Movant filed his amended motion on April 15, 2025. [ECF No. 5].

The Court performed an initial review of Walls' amended motion to vacate, which indicated that he did not timely assert his section-2255 claims within the one-year statute of limitations imposed by 28 U.S.C. § 2255(f). [ECF No. 6]. On that basis, the Court ordered Walls to show cause why the Court should not dismiss his section-2255 motion as time-barred. *Id.* In response, he filed correspondence stating that he did not believe his § 2255 should be dismissed as time-barred because "at the time of [his] sentencing [he] had no knowledge. . .of a 922(g) [sentence] being unconstitutional." [ECF No. 7]. He asserts that the right to bear arms is a fundamental right allowed under the Second Amendment. *See id.*

### Discussion

Although Walls' amended motion is the operative pleading in this action, the Court does not use the later April 15, 2025, filing date in its analysis under 28 U.S.C. § 2255(f). Instead, to determine whether Walls filed a timely section-2255 motion, the Court uses October 31, 2024—the filing date of Walls' initial motion—as the appropriate date. *See* Fed. R. Civ. P. 15(c)(1); *Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015) (quoting Fed. R. Civ. P. 15(c)(1)(B)) ("An amendment to a pleading relates back to the original pleading when 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'").

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a district court "must dismiss the petition and direct the clerk to notify the

---

[1] *See Moore v. United States,* 173 F.3d 1131, 1135 (8th Cir. 1999) ("Under the prison mailbox rule, a [section-2255 motion] is deemed timely filed when an inmate deposits [it] in the prison mail system prior to the expiration of the filing deadline.").

petitioner" if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Also, a district court is permitted to consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006). Upon review, the Court applies a one-year statute of limitations to section-2255 motions. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019) (per curiam). 28 U.S.C. § 2255(f) states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

If a criminal judgment is not appealed, it becomes "final"—for purposes of calculating the time limit for filing a motion under section 2255—when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005). Likewise, in a criminal case, a defendant must file notice of appeal in the district court within fourteen days. *See* Fed. R. App. P. 4(b)(1)(A).

The Court sentenced Walls on October 1, 2020. *See United States v. Walls*, No. 4:19-CR-726 HEA (E.D. Mo.). An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment entered

on, became final fourteen (14) days later on October 15, 2020. Fed. R. App. P. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on October 15, 2021. Movant's motion to vacate, filed on October 31, 2024, was filed approximately three years late.

Walls' one-year period from when his conviction became final under section 2255(f)(1) has long expired. But he argues he is "entitled to equitable tolling of the one-year statute of limitations" considering the United States Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). To support his claim, Walls appears to assert the *Bruen* decision is newly discovered evidence providing for an "actual innocence" argument. He additionally appears to assert that the Supreme Court has "deemed 922(g) unconstitutional."

The Supreme Court issued *Bruen* on June 23, 2022. 597 U.S. at 1. But *Bruen* did not impact Walls' October 15, 2021, deadline to file a timely section-2255 motion, because section 2255(f) "run[s] from the latest of" several enumerated events. 28 U.S.C. § 2255(f). Even assuming, under section 2255(f)(3), the *Bruen* decision both recognized a new right and made it retroactively applicable to cases on collateral review, Walls' corresponding deadline to file a section-2255 motion under *Bruen*—i.e., June 23, 2023—passed prior to his filing in this Court on October 31, 2024.

What is more, the United States Court of Appeals for the Eighth Circuit recently upheld 18 U.S.C. § 922(g)(1), explaining "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024). The Eighth Circuit made clear that neither *Bruen* nor *United States v. Rahimi,* 602 U.S. 680 (2024), "cast doubt on the prohibitions" in section 922(g)(1). *Id.* Therefore, not only is Walls' section-2255 motion time-barred under 28 U.S.C. § 2255(f)(1) for his failure to file it by October 15, 2020,

– 4 –

but the Eighth Circuit also determined that the *Bruen* decision does not provide section-2255 petitioners, like Walls, a basis for relief under section 2255(f)(3). *See id*.

And second, nowhere in Walls amended motion does he show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (rejecting equitable tolling argument where petitioner "fail[ed] to demonstrate how his five months of special confinement prevented him from meeting the one-year statute of limitations."). Nor has he explained how "such extraordinary circumstances [were] not . . . attributable to [himself]." *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009) (citing *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005)). Walls' assertion that the *Bruen* decision is newly discovered evidence providing for actual innocence fails to advance the "'exceedingly narrow window of relief'" of the equitable-tolling doctrine, *Odie v. United States*, 42 F.4th 940, 946 (8th Cir. 2022) (quoting *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013)) (casting aside petitioner's equitable tolling arguments, in part, because "knowledge of a judicial decision" that came down after the statute of limitations had run, which "concern[ed] the statute underlying his § 851 predicate offense," was "not necessary for [petitioner] to file a direct appeal regarding the [statute]."). Therefore, the Court finds Walls' argument under the equitable-tolling doctrine unpersuasive.

Furthermore, Walls' assertion that the Supreme Court recently "deemed 922(g) unconstitutional" is simply incorrect. His argument appears to arise from a misunderstanding of the Supreme Court's holding in *Rahimi*. 602 U.S. at 700. *Rahimi* held that § 922(g)(8), the federal prohibition on possession of a firearm while subject to a domestic violence restraining order, is *constitutional* on its face. *Id*. Walls' argument that 922(g) is unconstitutional as applied to him

fails to provide a basis for relief. *See Jackson*, 110 F.4th at 1125 (rejecting an as-applied challenge on a categorical basis).

For the Court to issue a certificate of appealability, Walls must make a substantial showing that he suffered the denial of a constitutional right. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). A substantial showing means one indicating that reasonable jurists could debate the issues, a court could resolve the issues differently, or the issues deserve further proceedings. *Id.* But as shown in the discussion above, Walls has not made such a showing. Accordingly, the Court declines to issue a certificate of appealability in this case.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion and amended motion to vacate, set aside or correct sentence [ECF Nos. 1 and 5] are **DENIED AND DISMISSED AS TIME-BARRED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 9th day of June, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE